REGAN, Judge.
Plaintiff, O’Neill Johns, ;a longshoreman, employed by defendant, T. Smith & Sons, Inc., at a wage rate of approximately $35 per week instituted this suit against defendant, for total and permanent disability under the Workmen’s Compensation Act of Louisiana, claiming that as a result of a rupture of the long head of the left biceps muscle incurred by him on May'21st, 1947, he is entitled to 400 weeks compensation at the rate of $20 per week, from October 17th, 1950, with interest of 5% per annum on each installment from its date of maturity until paid, or the sum of $8,000, subject to a credit of $3,560 previously paid as compensation.
Defendant answered admitting both the employment and occurrence of the accident; that plaintiff was disabled for a period of 178 weeks, during which time he iwas paid compensation at the' rate of $20 per week or the sum of $3,560; that the average 'weekly wage rate was in excess of $35.00 per week; however, in the final analysis, defendant denied that plaintiff is permanently and totally disabled and maintained that there were no further compensation payments due him after October 17th, 1950;, since plaintiff had completely' recovered from his injuries and was, therefore, capable of resuming his employment as a longshoreman or of performing other manual labor without any residual disability.
Upon the termination of the trial on the merits the court, a qua, awarded plaintiff compensation of $8,000, payable in weekly installments of $20 each, commencing October 17th, 1950, with interest of 5% on each installment from maturity until paid, subject to a credit of $3,560 heretofore, paid. The judgment further ordered that the expert fees of Drs. Cato, Ogden and Aldridge be fixed at $50 each; and for all costs. Hence this appeal by defendant.
The only question posed for our consideration is one of fact, and that is, whether the medical evidence adduced upon the trial of this case sustains the judgment of the court, a qua, awarding plaintiff total and permanent disability compensation, predicated upon the premise that the injuries sustained by him were of such a nature as to render him incapable of resuming his employment as a longshoreman, or work of a similar nature.
We have carefully examined the testimony appearing in the record and we are of the opinion that the findings of fact by the trial court are amply sustained by the medical evidence contained therein.
The judge, a quo, thoroughly analyzed the subject matter of this litigation in his written reasons for judgment which, in our opinion, encompass all aspects of the case so fully, that we adopt them as our own.
“Petitioner, O’Neill Johns, brings this action to recover compensation allegedly due him under Act 20 of 1914, as amended. He alleges that he is permanently and totally disabled from doing the same type of work that he was performing at the time he was injured in defendant’s employ, or of performing any work of a reasonable character, being permanently and totally disabled from doing hard manual labor which has always been his only means of earning his livelihood.
“Plaintiff alleges that on May 21, 1947, while he was employed as a longshoreman by the defendant, his left biceps muscle was crushed when a tractor owned and operated by the defendant backed into him, crushing the muscle between the tractor and some dunnage.
“Defendant admits the plaintiff’s employment, and they also admit that plaintiff suffered certain injuries, but they allege that plaintiff has completely recovered from the injuries, and since October 17, 1950, he has been completely capable of returning to his former occupation as a *593 longshoreman without any residual disability.
“The medical testimony shows that the plaintiff suffered a rupture of the belly of the left biceps muscle, or as described by Dr. Battalora, a rupture of the long head of the left biceps muscle.
“Dr. Frank Cato testified that the plaintiff is not completely disabled; that he could do ordinary industrial work or ordinary manual labor. Dr. Cato testified further that the plaintiff has reached his maximum recovery; that he has a 20% weakness in his left arm, the loss being in flex-ion ; that he can’t do extremely heavy work, and specifically that he cannot do’ longshoreman’s work or any work in which, extreme strength is involved; that his disability would involve a lack of power rather than fatigue.
“Dr. Rufus Aldridge testified that the plaintiff’s left arm is weaker than his right; that the scar tissue which has replaced the original tissue is not as strong as the original tissue; that if plaintiff attempts to do very heavy work there is a chance of rerupture, in which event the injury would be more serious and plaintiff’s chances of recovery ‘worsened.’ He testified further that the plaintiff can do ordinary manual labor; that his disability in his left arm is from 15% to 20% loss of lifting power; that plaintiff could suffer pain as a result of doing certain types of work.
“Dr. Hillaire Ogden, whose deposition is found in the record, stated that in his opinion the plaintiff, will never be able to perform the work of a longshoreman, or similar arduous labor; first, because the plaintiff has no longer sufficient strength in his left arm; and secondly that an attempt on plaintiff’s part to do arduous work might caúse a rupture of the scar tissue; and thirdly, because the plaintiff suffers pain in his left arm.
“Dr. Burkett expressed the opinion that the plaintiff could perform manual labor and the normal duties of a longshoreman; that the plaintiff’s alleged disability was a simulation and an exaggeration; that no- disability existed, particularly of the left biceps muscle, and that- plaintiff could do the same type of work as’he had done before.
“Dr. Ernst testified that -the plaintiff could do any type of work that he had participated in before.
“Dr. George C. Battalora testified that the plaintiff had a 25% loss of use of 'his his left arm and that he could with use, ¡build up his strength in that arm; that the left biceps muscle is not - normal and might tire more rapidly, but' in time the plaintiff could do hard manual labor.
“An attempt was made during the trial to show, and defendant argues in his brief, that a longshoreman’s work is not extremely' arduous; that the cargo is not lifted, but rolled into cargo slings.
“Plaintiff testified that a longshoreman’s work is arduous physical labor, and that it required all of his strength; that it involved handling bags weighing 350 pounds, rice bags weighing 100 pounds, and the stacking of- these bags on trucks, and the handling of 400 pound drums.
“This court entertains no doubt that the duties of a longshoreman involve heavy, arduous manual labor, even in this day and time. The method of handling cargo in the loading and unloading of a vessel is by use of cargo slings. Whereas the practice may be for the longshoreman to roll the cargo over, rather than to attempt to lift it, this court is of the opinion that from time to time a lifting operation of some sort must be necessary and the longshoreman must perfqrce use his bicep-s muscle in the handling of sugar sacks and other cargo-.
“All of the doctors who testified are of the opinion that the plaintiff can do- ordinary manual labor. The conflict in the medical testimony concerns whether or not the plaintiff can do heavy manual labor, such as that of a longshoreman.
“In this respect the opinion of plaintiff’s doctors: that is, Dr. Hillaire Ógden, Dr. Frank Cato, and Dr. Rufus Aldridge, .is in conflict with that' of Dr. George Burkett and that of Dr. Ernst. Dr. Battalora tes *594 tified that he had 25% loss of use of his left arm; that the muscle is not normal, but that he could, with use, build up' his strength to a point where he could do hard manual labor.
“Plaintiff testified that a longshoreman’s work is hard' work, in which he needed all his strength; that he is now unable to perform the work of a longshoreman, and although since his injury he has not attempted to do such work, he knows, from attempting to do other types of work involving the use of all his strength, that he is unable to perform the duties of a longshoreman.
“This court is of the opinion that the plaintiff is permanently and totally disabled to do heavy manual labor such as that required of a longshoreman, or any other work of a similar character involving the use of all his strength.
“The record shows that plaintiff, since the accident, has been engaged in house cleaning work which, although manual labor, is of a less arduous nature than the work he was performing at the time of his injury. Therefore he is disabled to perform work of the same or similar description, kind or character to that which he was accustomed to perform or was undertaking when the injury occurred.
“Accordingly, there will be judgment in favor of the plaintiff, O’Neill Johns, and against the defendant, T. Smith & Son, Inc., in the sum of Eight Thousand Dollars, payable in weekly installments of Twenty Dollars each, commencing October 17, 1950, together with interest at the rate of 5% per annum on each and every installment from its maturity until paid, subject to a credit of Three Thousand Five Hundred and Sixty Dollars heretofore paid.
“The fees of Dr. Frank Cato, Dr. Hil-laire Ogden, and Dr. Rufus Aldridge, as expert witnesses, will be fixed at fifty dollars each, to be taxed as costs.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.